IT IS ORDERED

Date Entered on Docket: January 5, 2023



The Honorable Robert H Jacobvitz
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| In Re: | Case No. 22-10753-ja7 |
| Carl L. Steward, | Chapter: 7 |
| Debtor. | |

DEFAULT ORDER GRANTING MOTION BY THE MONEY SOURCE INC. FOR RELIEF FROM STAY AND TO ABANDON REAL PROPERTY LOCATED AT 2116 CORTE DE LOMA NW, ALBUQUERQUE, NM 87120

This matter came before the Court on the Motion for Relief from Automatic Stay and to Abandon real Property filed on December 1, 2022, Docket No. 13 (the "Motion") by The Money Source Inc., as attorney-in-fact, for Mortgage Solutions of Colorado, LLC dba Mortgage Solutions Financial, its successors and/or assigns ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

1

1. On December 1, 2022, Movant served the Motion and a Notice of the Motion (the "Notice") on the case Trustee, Edward Alexander Mazel ("Trustee"), and on Debtor's counsel, Matthew Robert Gandert, by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on Debtor, Carl L. Steward, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

2. The Motion relates to the real property known as 2116 Corte De Loma NW, Albuquerque, NM 87120 (hereinafter "the Property") with the following legal description:

> Lot numbered Eight (8) in Block numbered Two (2) of Las Lomitas, Unit 1, a Subdivision of the City of Albuquerque, Bernalillo County, New Mexico, as the same is shown and designated on the Corrected Plat thereof, filed in the Office of the County Clerk of Bernalillo County, New Mexico, on June 29, 1992, in Plat Book 92C, Page 135; and Refiled January 20, 1993, Plat Book 93C, Page 20.

3. The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which 3 days was added under Bankruptcy Rule 9006(f);

4. The Notice was sufficient in form and content;

5. The objection deadline expired on December 25, 2022;

6. As of December 29, 2022, neither Debtor nor Trustee, nor any other party in interest, filed an objection to the Motion;

7. The Motion is well taken and should be granted as provided herein; and

8. By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that, on December 28, 2022, Dyane Martinez, an assistant for Andrew P. Yarrington, searched the data banks of the Department of Defense Manpower Data Center ("DMDC") and found that DMDC does not possess any information indicating that Carl L. Steward is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby granted relief from the automatic stay:

   a. To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against Debtor or the Property, or both, in any court of competent jurisdiction; and

   b. To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name Trustee as a defendant in any state court action it may pursue to foreclose liens against the Property and need not notify Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an *in rem* judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Movant may filed an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the

Property, should it claim that Debtors owe any amount after the sale of the Property, in the even that this case is still administered by the Trustee.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with Debtor and to enter into a loan modification with Debtor.

**XXX END OF ORDER XXX**

Submitted by:

*/s/ Andrew P. Yarrington*
Andrew P. Yarrington, SBN#15673
2501 San Pedro Drive NE Bldg A Suite 102
Albuquerque, NM 87110
Phone: 877-353-2146
Email: ayarrington@idealawgroupllc.com
Attorney for Movant

**Copies to:**
*Debtor:*
Carl L. Steward
2116 Corte De Loma NW
Albuquerque, NM 87120

*Non-Filing Co-Owner:*
Sharon A. Means
2116 Corte De Loma NW
Albuquerque, NM 87120

**Attorney for Debtor**
Matthew Robert Gandert
Affordable Law PC
1128 Pennsylvania St. NE
Suite 210
Albuquerque, NM 87110

**Trustee**
Edward Alexander Mazel
Edward Mazel Trustee
PO Box 21151
Albuquerque, NM 87154

5